IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

RANDALL WAYNE WEBB                                                                    PLAINTIFF

v.                                    Civil No. 2:15-cv-02081

SHERIFF RON BROWN, Crawford
County, Arkansas; CAPTAIN BRANDON
TRENT; and DEPUTY ADAM ERVIN                                                 DEFENDANTS

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights case filed by the Plaintiff, Randall Wayne Webb, pursuant to 42 U.S.C. § 1983.  Plaintiff proceeds *pro se* and *in forma pauperis.*

Plaintiff is currently incarcerated in the Benton Unit of the Arkansas Department of Correction (ADC).  At the time relevant to his Complaint, Plaintiff was incarcerated in the Crawford County Detention Center (CCDC).  Plaintiff maintains his constitutional rights were violated when inadequate footwear caused him to fall.  He also contends that he would not have fallen if a guard had been guiding or holding onto him while he was shackled.

Defendants filed a Summary Judgment Motion (Doc. 34).  Plaintiff responded by filing objections to the Motion (Doc. 38), exhibits (Doc. 39), a statement of disputed facts (Doc. 42), and a supplement (Doc. 47).  A hearing was held on the motion on December 9, 2015.  The Motion is ready for decision.

### 1. Background

On January 7, 2015, Plaintiff was transferred from the ADC to the CCDC at approximately 7 or 8 p.m.  The jail uniform at the CCDC included shoes that were a  type of

-1-

rubber flip flop. All available shoes were torn or damaged in some way. Plaintiff testified the ones he received were torn approximately an inch in the middle on both sides.

On January 8, 2015, Plaintiff and another inmate were taken to court. When they arrived at the CCDC sally-port, Deputy Adam Ervin, who had accompanied the inmates, was walking 10' to 12' ahead of the Plaintiff. Plaintiff, who was shackled, felt the front part of his shoe fold under his foot as he walked. He stepped on the folded shoe, stumbled, and when he tried to catch himself the chains went into the right shoe causing him to fall to the ground injuring his right hand and left knee. Nurse Walls was notified and came to the sally-port.

When they got inside the CCDC, Plaintiff testified Nurse Walls wanted to clean his wounds with soap and water. Plaintiff testified he made it clear that he wanted his wounds to be cleaned with antibacterial soap. As a result of this stand-off, his wounds were not treated at that time.

Plaintiff was taken back to his cell. Nurse Walls came to Plaintiff's cell asking him to sign a form stating he was refusing medical treatment. Plaintiff refused to sign the document and went to the nurses' station where he then allowed Nurse Walls to clean his wounds. Plaintiff asked her to note the swelling of his left knee. He was given Ibuprofen for the pain.

Pictures were taken of his injuries and a report was made. As a result of the fall, Plaintiff testified he had a sharp pain in his left knee for a couple of months.

When they got back to the CCDC, an officer allowed Plaintiff to search through all available footwear to see if he could switch to better shoes. Plaintiff was transferred back to the ADC on January 9, 2015.

Plaintiff testified that he did not submit a grievance because he was not at the CCDC long enough after his fall. He indicates, however, that he made several verbal requests. Further, he states he did not know he had to submit a grievance when the Defendants' witnessed the incident.

### 2. Applicable Standard

The Court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[A] genuine issue of material fact exists if: (1) there is a dispute of fact; (2) the disputed fact is material to the outcome of the case; and (3) the dispute is genuine, that is, a reasonable jury could return a verdict for either party." RSBI Aerospace, Inc. v. Affiliated FM Ins. Co., 49 F.3d 399, 401 (8th Cir. 1995).

The moving party has the burden of showing the absence of a genuine issue of material fact and that they are entitled to judgment as a matter of law, but the nonmoving party may not rest upon mere denials or allegations in the pleadings and must set forth specific facts to raise a genuine issue for trial. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). The Court must view all evidence and inferences in a light most favorable to the nonmoving party. See McCleary v. ReliaStar Life Ins. Co., 682 F.3d 1116, 1119 (8th Cir. 2012). However, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a Court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." Scott v. Harris, 550 U.S. 372, 380 (2007).

AO72A
(Rev. 8/82)

### 3. Discussion

Plaintiff contends his constitutional right were violated by: (1) the provision of the inadequate footwear; and, (2) by Deputy Ervin failing to physically have his hands on the Plaintiff while being transported in shackles.

Defendants maintain they are entitled to judgment in their favor on the following grounds: (1) the inadequate footwear claim fails to state an Eighth Amendment claim; (2) there is no law requiring a guard to physically hold onto a prisoner being transported; and, (3) Plaintiff failed to exhaust his administrative remedies. For the reasons stated below, Defendants are entitled to summary judgment on the merits of the claim. We, therefore, need not address the exhaustion issue.

### A. The Eighth Amendment

Section 1983 imposes civil liability upon one:

who under color of any statute, ordinance, regulation, custom or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws.

42 U.S.C. § 1983.

"[W]hen the State takes a person into its custody and holds him there against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general well-being." County of Sacramento v. Lewis, 523 U.S. 833, 851 (1998) (citation omitted). The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones. See Farmer v. Brennan, 511 U.S. 825, 832 (1994). The Eighth Amendment to the United States Constitution prohibits the imposition of cruel and unusual punishment. U.S.

Const. amend. VIII. The Cruel and Unusual Punishment Clause of the Eighth Amendment forbids conditions involving "wanton and unnecessary infliction of pain," or conditions that are "grossly disproportionate to the severity of the crime." Rhodes v. Chapman, 452 U.S. 337, 347 (1981).

A prisoner alleging an Eighth Amendment violation must prove both an objective and subjective element. See Revels v. Vincenz, 382 F.3d 870, 875 (8th Cir. 2004) (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)). "The defendant's conduct must objectively rise to the level of a constitutional violation by depriving the plaintiff of the minimal civilized measure of life's necessities[,]" and "[t]he defendant's conduct must also reflect a subjective state of mind evincing deliberate indifference to the health or safety of the prisoner." Revels, 382 F.2d at 875 (citations and internal quotation marks omitted). Deliberate indifference is established when the Plaintiff shows "the defendant was substantially aware of but disregarded an excessive risk to inmate health or safety." *Id*. The standards against which a court measures prison conditions are "the evolving standards of decency that mark the progress of a maturing society." Estelle v. Gamble, 429 U.S. 97, 102 (1976).

### B. Inadequate Footwear Claim

The question is whether Plaintiff's living conditions at CCDC denied him of a minimal measure of life's necessities. Williams v. Delo, 49 F.3d 442, 445 (8th Cir. 1995). Plaintiff must show the existence of a genuine issue of material fact as to whether the conditions he complains of posed a substantial risk of serious harm to his health. See Farmer v. Brennan, 511 U.S. 825, 834 (1994).

The condition complained of here is the footwear CCDC provided to the Plaintiff. There is no suggestion, however, that Defendants knew "Plaintiff faced a serious risk of harm from a fall if he wore shower slippers to court but willfully disregarded that risk, and the claim therefore fails." Lewis v. Brazzel, 316 Fed. Appx. 334, 336 (5th Cir. 2009) (unpublished decision); see also Thomas v. Banks, 584 Fed. Appx. 291 (8th Cir. 2014) (no genuine issue of fact as whether officer was deliberately indifferent when Plaintiff submitted no evidence of the risk of injury from wearing sandals); Dalrymple v. Dooley, No. Civ. 12-4098, 2014 WL 1246476 (D.S.D. March 25, 2014) (no genuine issue of fact when Defendant denied him the ability to change out of shoes which were coming apart and could not be used because the bottom came off and the shoes were unrepairable); Martin v. City of New York, No. 11 Civ. 600, 2012 WL 1392648, *9 (S.D.N.Y. Apr. 20, 2012) (finding no Eighth Amendment violation where inmate slipped and fell on a wet shower floor while wearing poorly constructed shoes). Defendants are entitled to summary judgment on this claim.

### C. Failure to Hold onto Shackled Prisoner

As stated above, Defendants are entitled to summary judgment unless there is a genuine issue of material fact as to whether Defendants were deliberately indifferent to a known risk of harm. Plaintiff's claim is that Defendant Ervin failed to maintain physical contact with him during a transport. Plaintiff indicated that restraints were applied when inmates were escorted off premises.

There was no testimony suggesting that there were hazardous or difficult areas to traverse. There is no testimony that other inmates had fallen as a result of the condition of their shoes. This claim, at most, amounts to negligence. See e.g., LeMaire v. Maass, 12 F.3d 1444,

AO72A
(Rev. 8/82)

1457 (9th Cir. 1993) (even if shackled inmate might fall on wet floor while showering, allegations of slippery prison floors do not state "even an arguable claim for cruel and unusual punishment--practice of shackling was a security imperative); <u>DiLauri v. Mullen</u>, 563 Fed. Appx. 128 (Apr. 10, 2014) (no genuine issue of material fact when shackled inmates were required to descend stairs with metal grating, in sandals, with hands cuffed behind the back without any assistance); <u>Braxton v. Wyandotte County Sheriff's Dept</u>., 206 Fed. Appx. 791 (10th Cir. Nov. 28, 2006) (inmate alleged fall down stairs was caused by the escorting officer and torn shoes; charges sounded in negligence and did not violate the Eighth Amendment). Defendants are entitled to summary judgment on this claim.

### 4. Conclusion

For the reasons stated, I recommend that Defendants' Motion for Summary Judgment (Doc. 34) be **GRANTED and the case DISMISSED WITH PREJUDICE.**

**The parties have fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 9th day of May, 2016.

/s/ Mark E. Ford
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE